# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| Estate of Joseph Murphy, | )<br>) |
| Plaintiff, | ) 1:17-cv-00010 JWS<br>) |
| vs. | ) ORDER AND OPINION<br>) |
| State of Alaska, Dept. of Corrections, *et al.*, | ) [Re: Motion at Docket 39]<br>) |
| Defendants. | )<br>) |

## I. MOTION PRESENTED

At docket 39 plaintiff Estate of Joseph Murphy ("Plaintiff") asks the court to conduct an *in camera* review of the personnel file of defendant Robert Corcoran ("Corcoran") and to compel Corcoran to answer certain interrogatories. Corcoran responds at docket 44, and Plaintiff replies at docket 47. Oral argument was not requested and would not be of assistance to the court.

## II. BACKGROUND

Joseph Murphy was sent to the Lemon Creek Correctional Center ("Lemon Creek") from Bartlett Regional Hospital on August 13, 2015, to be temporarily detained for alcohol detoxification and suicide monitoring pursuant to AS 47.37.170. Early the next morning he complained to Lemon Creek staff of chest pains and requested his

medications. Plaintiff alleges that Murphy made a third request for his medications, this time to Corcoran. Plaintiff further alleges that Corcoran said he did not care whether Murphy lived or died. According to Plaintiff, a Lemon Creek video showed Murphy collapsing in his cell twenty-six minutes after he first requested his medications. Eventually staff noticed Murphy on the floor and began unsuccessful attempts to revive him. Murphy was declared dead about an hour after he made his first request for medicine.

## III.  DISCUSSION

### A. *In Camera* Review

Corcoran argues that both his personnel file and his own knowledge of what is in that file are protected from disclosure by Art. I, § 22, of the Alaska Constitution and AS 39.25.080. Article 1, § 22 states: "The right of the people to privacy is recognized and shall not be infringed. The legislature shall implement this section." So far as public employee personnel files are concerned, the legislature implemented the constitutional provision by enacting AS 39.25.080. The statute indicates personnel files are "confidential." It also prohibits "public inspection" of an employee's personnel file. However, the statute says nothing about access to a personnel file in the context of litigation wherein the file's content may be relevant to resolution of the lawsuit. The statute does not foreclose all access to Corcoran's personnel file.

Corcoran correctly recognizes that the right to privacy provided by Art. I, § 22 is not absolute, citing *Jones, et al. v. Jennings.*[1]  There, plaintiff Jennings brought an

---

[1] 788 P. 2d 732 (Alaska 1990)

action against the Municipality of Anchorage and two Anchorage Police officers pleading claims of assault and battery, false imprisonment and violation of his constitutional rights pursuant to 42 U.S. C. §§ 1983 and 1988. Jennings sought discovery on a variety of topics, including citizen complaints against one of the officers based on the use of excessive force. In addressing the various issues raised by the discovery requests, the trial court required the Municipality to provide the officer's personnel file for *in camera* review by the court. The Municipality submitted the documents for review, together with "a summary of the municipality's grounds of objection in producing the documents."[2]

Corcoran acknowledges that "some information contained in his personnel records may be relevant to the constitutional claim asserted against him."[3] He agrees that use of a balancing test by the trial court, which would provide for the exclusion of prejudicial or irrelevant information, is appropriate.[4] Given Corcoran's position on this issue, it is surprising that in his reply, Plaintiff expresses dissatisfaction. He faults Corcoran for not himself first "determining what is reasonably discoverable under the FRCP and relevant federal case law, and instead punts the entire determination and responsibility to the court."[5] This court will follow the procedure approved by the Alaska Supreme Court in *Jennings*. Defendants shall provide the assigned judge with a

---

[2] *Id.,* 788 P. 2d at 734.

[3] Docket 44 at p. 6.

[4] *Id.* at p. 5.

[5] Docket 47 at p. 2.

complete copy of Corcoran's personnel file, and Corcoran shall submit a summary explaining precisely what grounds support his objections to producing each of the documents or categories of documents in the file. The summary must cite case law supporting each objection or concede that there is no case law supporting an objection. The file and the summary shall be delivered to the assigned judge within 14 days from the date of this order.

In his briefing, Plaintiff urges the court to rule in the abstract as to what categories of information which may be contained in the personnel file will be subject to disclosure. The court believes it better to make decisions only after the specific materials are available for review. One general point should be noted: Plaintiff's briefing indicates that some material may be discoverable because it would be needed to prove Corcoran's subjective awareness of the risk of harm to Murphy. Plaintiff writes, "*Compare Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069-71 (9th Cir. 2016) (holding that objective rather than subjective standard applies to Fourteenth Amendment claims by pretrial detainees with regard to defendant's awareness of risk of harm) *with, e.g., Conn v. City of Reno*, 572 F.3d 1047, 1055 (9th Cir. 2009) (older deliberate indifference standard requiring subjective awareness in Fourteenth Amendment due process claims for failure to provide medical care to pretrial detainee)."[6] Plaintiff fails to note that the *Castro* decision is an *en banc* decision. Its effect is to replace the older subjective standard with the objective standard. This court must follow *Castro*. The objective standard it adopted will have some bearing on the

---

[6]Docket 39 at p, 8, n.14.

-4-

balance to be struck in deciding which portions of the personnel file will be disclosed to Plaintiff.

**B. Request To Compel Interrogatory Answers**

Plaintiff's first interrogatory asks Corcoran about any disciplinary action or investigation of Corcoran relating to Murphy's death. In particular, it asks Corcoran for the dates when the investigation or action was commenced, the date of its conclusion, the names of those in charge of the investigation or action, the location and date of any interview or hearing, and the results. Corcoran responded by making an objection based on Art. 1, § 22 and AS 39.25.080, and also advising that he completed an incident report, was interviewed by the Alaska State Troopers, and directing Plaintiff to that material by reference to Bates numbered pages. The court has already explained why the constitutional provision and the statute do not bar all access to the personnel file in the context of this litigation. However, most of the details Plaintiff seeks would surely require Corcoran to review what is in the personnel file and then regurgitate what it says as his answer. Given that the court is going to conduct an *in camera* review of the personnel file at Plaintiff's request, Corcoran is not required to respond further to the first interrogatory.

The second interrogatory seeks similar information with respect to any disciplinary action or investigation other than those relating to Murphy's death. The same analysis applies to the second interrogatory. Corcoran will not be required to respond to the second interrogatory.

Plaintiff also seeks an award of attorneys' fees. Given the denial of the request to compel interrogatory answers, there is no basis for an award of attorneys' fees.

## IV. CONCLUSION

For the reasons above the motion at docket 39 is granted in part and denied in part as follows: (1) The court will conduct an *in camera* review on the conditions and terms set out above. (2) Corcoran need not provide any additional response to the interrogatories. (3) Plaintiff will not be awarded attorneys' fees.

DATED this 12th day of August 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT